**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee (State Bar No. 228175)
Kristen M. Agnew (State Bar No. 247656)
Max W. Gavron (State Bar No. 291697)
Kwanporn "Mai" Tulyathan (State Bar No. 316704)
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile
lwlee@diversitylaw.com
kagnew@diversitylaw.com
mgavron@diversitylaw.com
ktulyathan@diversitylaw.com

Attorneys for Plaintiff Robert Fodor and the Class
*(Additional Counsel on the Next Page)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FODOR, as an individual and on behalf of others similarly situated and aggrieved,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO.**<br><br>**CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>(1) **VIOLATION OF LABOR CODE §§ 201-203;**<br>(2) **VIOLATION OF LABOR CODE § 226; and**<br>(3) **VIOLATION OF LABOR CODE § 2698,** *ET SEQ.*<br><br>**DEMAND OVER $5,000,000.00** |

**MARLIN & SALTZMAN, LLP**
Cody R. Kennedy, Esq. (State Bar No. 296061)
ckennedy@marlinsaltzman.com
Tatiana Avakian, Esq. (State Bar No. 298970)
tavakian@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California  91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

**LAW OFFICES OF PETER M. HART**
Peter M. Hart (State Bar No. 198691)
hartpeter@msn.com
Ashlie E. Fox (State Bar No. 294407)
ashlie.fox.loph@gmail.com
12121 Wilshire Blvd., Suite 525
Los Angeles, California  90025
Telephone: (310) 439-9298
Facsimile: (509) 561-6441

Attorneys for Plaintiff Robert Fodor and the Class

Plaintiff Robert Fodor ("Plaintiff") hereby submits this Complaint against Amazon.com Inc., Amazon.com Services LLC, and DOES 1-100 (hereinafter collectively referred to as "Defendants" or "Amazon") on behalf of himself and all other similarly situated current and former employees of Defendants for penalties and/or damages for violation of the California Labor Code, as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under the Class Action Fairness Act (the "CAFA"), 28 U.S.C. § 1332(d). Plaintiff is informed and believes and based thereon alleges that (1) the aggregate amount in controversy exceeds $5,000,000, (2) there are at least 100 class members, and (3) at least one plaintiff is diverse from any one defendant. Plaintiff and Defendants previously entered into an Agreement to Toll Statute of Limitations regarding the claims alleged in this Complaint effective October 1, 2024.

2. Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by: (a) failing to pay all wages to separated employees for all hours worked after the time of hire but prior to the start of their first scheduled shift for mandatory unpaid work orientation and onboarding activities at Amazon's facilities; and (b) failure to provide accurate itemized wage statements.

3. Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things, a system of willful violations of the California Labor Code, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny separated employees all wages earned for all hours worked after the time of hire but prior to the day of and the start of their first scheduled shift for mandatory unpaid work orientation and onboarding activities at Amazon's facilities.

4. The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and applicable IWC wage orders.

//

## JURISDICTION AND VENUE

5. As alleged above, the Court has jurisdiction over this class action pursuant to CAFA.

6. The class action complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, including Labor Code §§ 201-203, 226, 2698, and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC").

7. Venue is proper in the Northern District because Defendants, and each of them, conducts business in and has employees in the State of California and in the County of Alameda.

## PARTIES

8. Plaintiff Robert Fodor is an adult who resides in the State of California.

9. Plaintiff is informed and believes and based thereon alleges that Defendant Amazon.com Inc. was and is a Delaware corporation with its headquarters located at Seattle, Washington that is registered with the California Secretary of State and does business in the State of California, including in the County of Alameda, and employed Plaintiff and other similarly situated employees throughout the State of California as further defined herein.

10. Plaintiff is informed and believes and based thereon alleges that Defendant Amazon.com Services LLC was and is a Delaware corporation with its headquarters located at Seattle, Washington that is registered with the California Secretary of State and does business in the State of California, including in the County of Alameda, and employed Plaintiff and other similarly situated employees throughout the State of California as further defined herein.

11. Defendants have operation locations and employees throughout the State of California including in and/or around Alameda County and employs several thousand employees such as Plaintiff at any given time in the State of California.

12. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and DOES 1 through 100, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

13. Plaintiff does not know the true names or capacities, whether individual, partner or

corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and were acting within the course and scope of said agency and employment.

15. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, each of the named Defendants was the joint employer, agent, employer, alter ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

# FACTUAL BACKGROUND

18. Plaintiff Robert Fodor was employed by Defendants as an hourly, non-exempt employee at an Amazon warehouse facility in Orland, California from approximately October 2023 to approximately November 2023.

19. Plaintiff alleges that he and similarly situated former employees were not paid for certain specific time worked as required under California law after accepting the job offer and prior to the start of their first scheduled paid shift. Specifically, after acceptance of the job offer from Amazon and being told that they were hired employees of Amazon, Plaintiff and similarly situated employees were required by Amazon to attend a New Hire Event. The New Hire Event is a mandatory unpaid work orientation and onboarding at Amazon's facilities, which lasts a minimum of thirty (30) minutes. During the unpaid orientation and onboarding, Plaintiff and similarly situated former employees were under Amazon's control and were required to perform certain tasks for the benefit of Amazon, which included without limitation, job training, watching work-related videos/presentations, and creation of their employee photo ID/time swipe. This time spent undergoing said orientation and onboarding activities was not paid for by Amazon. Plaintiff and similarly situated former employees were not paid wages for the time spent under Amazon's control in these post-hire activities, which occurred prior to their first scheduled shifts. Plaintiff alleges that such post-hire activities lasted at least thirty (30) minutes. As such, Defendants failed to pay Plaintiff and similarly situated former employees all wages owed within the timing requirements as required by Labor Code §§ 201-203. Plaintiff alleges that Defendants have not paid said wages owed to employees who have separated from employment, in violation of Labor Code §§ 201-203.

20. Plaintiff and similarly situated employees were and are victims of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed them by California Labor Code §§ 201-203 and 226, and the applicable wage order(s) issued by the IWC.

//

//

**CLASS ACTION ALLEGATIONS**

21. Class Definition: The named individual Plaintiff brings this action on behalf of himself and the following classes:

   a. All former non-exempt employees of Defendants whose employment with Defendants ended at any time since October 1, 2021 and (1) who applied for an hourly, non-exempt job position with Defendants; (2) received an offer letter from Defendants for an hourly, non-exempt position at Amazon warehouses, distribution centers, and fulfillment centers in California; and (3) attended an unpaid New Hire Event (the "Class" or "Class Members").  Plaintiff specifically limits the Class to the unpaid time for pre-first shift work resulting from mandatory orientation and onboarding activities detailed herein and specifically excludes any and all time after the first scheduled shift.

   b. All current and former non-exempt employees of Defendants (1) who applied for an hourly, non-exempt job position with Defendants; (2) received an offer letter from Defendants for an hourly, non-exempt position at Amazon warehouses, distribution centers, and fulfillment centers in California; and (3) attended an unpaid New Hire Event during the period of October 1, 2023 to the present (the "Wage Statement Class" or "Wage Statement Class Members").

22. Numerosity: The members of the Class exceeds 300,000 persons and are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that class members were not paid for all hours worked after acceptance of the job offer but prior to the start of their first assigned shift as a result of the mandatory orientation and/or onboarding process and activities at Amazon's facilities.  As a result, Plaintiff and class members were not issued accurate itemized wage statements.

23. Adequacy of Representation: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiffs. Plaintiff's

attorneys have certified, prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

24. Common Questions of Law and Fact: There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning: (a) whether Defendants failed to pay separated employees all wages earned within the timing requirements, including wages for all hours worked after acceptance of the job offer and prior to the start of their first assigned shift, and (b) whether Defendants failed to issue accurate itemized wage statements.

25. Typicality: The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff is a member of the class and has suffered the alleged violations of California Labor Code §§ 201-203, and 226, and the applicable wage order(s) issued by the IWC.

26. The California Labor Code and Wage Order provisions upon which Plaintiff bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

27. The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers and subsequent employment.

28. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of: (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants; and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

29. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

30. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

**Violation of Labor Code §§ 201-203**

**(Against All Defendants by Plaintiff and the Class)**

31. Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

32. At all relevant times herein, Plaintiffs were employees of Defendants covered by Labor Code Sections 1194 and 1194.2 and applicable IWC Wage Orders. Pursuant to Labor Code Sections 1194 and 1194.2, Defendants were required to compensate all minimum wages for all hours worked.

33. Labor Code § 201 provides if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Labor Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given seventy-two (72) hours previous notice of his or

her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Labor Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days.

34. Plaintiff alleges that he and similarly situated former employees were not paid for certain specific time worked as required under California law after acceptance of the job offer but prior to the start of their first scheduled paid shift. Specifically, after acceptance of the job offer from Amazon and being told that they were hired employees of Amazon, Plaintiff and similarly situated employees were required by Amazon to attend a New Hire Event. The New Hire Event is a mandatory unpaid work orientation and onboarding at Amazon's facilities, which lasts a minimum of at least thirty (30) minutes. During the unpaid orientation and onboarding, Plaintiff and similarly situated former employees were under Amazon's control and were required to perform certain tasks for the benefit of Amazon, which included without limitation, job training, watching work-related videos/presentations, and creation of their employee photo ID/time swipe. The time spent undergoing said activities was not paid for by Amazon. Plaintiff and similarly situated former employees were not paid wages for this time spent under the Amazon's control in these specific post-hire activities, which occurred prior to their first scheduled shifts. Plaintiff alleges that such post-hire activities lasted at least thirty (30) minutes. As such, Defendants failed to pay Plaintiff and similarly situated employees all wages owed. Plaintiff alleges that Defendants have not paid said wages owed to employees who have separated from employment, in violation of Labor Code §§ 201-203.

35. Under California law, "hours worked" is defined as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

36. Here, Plaintiff and similarly situated employees performed work under the direction and control of Defendants that was not accurately recorded or maintained by Defendants' timekeeping systems, and/or was recorded but purposefully excluded by Defendants when calculating wages owed. Defendants thereafter failed to pay wages for such work, including after separation of employment.

37. Defendants were at all times aware that such work was being performed, and such work was carried out under the direction and supervision of Defendants.

38. As a matter of uniform corporate policy, procedure, and practice, Defendants violated Labor Code § 1194 and 1194.2 by willfully failing to pay Plaintiff and similarly situated employees for time spent subject to Defendants' control after their hire and prior to the start of their first scheduled shift.

39. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to pay all of these specific pre-first shift minimum wages detailed herein due and owing to Plaintiff and the Class upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, all members of the Class are entitled to compensation pursuant to Labor Code sections 201, 202 and 203. The waiting time penalties sought in this Action are premised on claims related to or arising from Defendants' policies and practices as it relates to Amazon's failure to pay wages for time spent in work activities after acceptance of the offer and prior to the first scheduled shift, only.

40. Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action for all damages or penalties pursuant to Labor Code sections 201, 202, and 203, interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code sections 201, 202, 203, 218.5 and 1194.

## SECOND CAUSE OF ACTION

**Violation of Labor Code § 226**

**(Against All Defendants by Plaintiff and the Wage Statement Class)**

41. Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

42. Labor Code § 226(a) requires employers to provide itemized wage statements to its employees that identify accurate information. Defendants, as a matter of policy and practice, failed in

its affirmative obligation to provide accurate itemized wage statements to Plaintiff and Wage Statement Class Members, in violation of Labor Code § 226(a).

43. Specifically, as a result of Defendants' failure to pay wages owed to Plaintiff and Wage Statement Class Members for pre-first shift work, including mandatory orientation and/or onboarding activities, Defendants failed to provide <u>any</u> itemized wage statements to Plaintiff and Wage Statement Class Members, in violation of Labor Code § 226.

44. The issuance of inaccurate wage statements caused "injury" under Labor Code § 226(e) to Plaintiff and Wage Statement Class Members as they cannot accurately verify and/or calculate their wages. Without being provided any wage statements, Plaintiff and Wage Statement Class Members are unable to determine the amount of wages they should have been paid for that particular pay period.

45. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Wage Statement Class Members identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## THIRD CAUSE OF ACTION

**Violation of PAGA, Labor Code §§ 2698, et seq.**

**(Against All Defendants)**

46. Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

47. Plaintiff brings this claim for relief under PAGA, Labor Code §§ 2698, *et seq.*, and seeks to recover PAGA civil penalties on behalf of himself and other Aggrieved Employees.

48. Plaintiff alleges that he and similarly situated Aggrieved Employees were not paid for certain specific time worked as required under California law after acceptance of the job offer but prior to the start of their first scheduled paid shift. Specifically, after acceptance of the job offer from Amazon and being told that they were hired employees of Amazon, Plaintiff and Aggrieved Employees were required by Amazon to attend a New Hire Event. The New Hire Event is a mandatory unpaid work orientation and onboarding at Amazon's facilities, which lasts a minimum of at least

thirty (30) minutes. During the unpaid orientation and onboarding, Plaintiff and Aggrieved Employees were under Amazon's control and were required to perform certain tasks for the benefit of Amazon, which included without limitation, job training, watching work-related videos/presentations, and creation of their employee photo ID/time swipe. Plaintiff and Aggrieved Employees were not paid wages for this time spent under the Amazon's control in these specific post-hire activities, which occurred prior to their first scheduled shifts. Plaintiff alleges that such post-hire activities lasted at least thirty (30) minutes. As such, Defendants failed to pay Plaintiff and Aggrieved Employees all wages owed at separation of employment.

49. As a result of Defendants' conduct detailed above, Plaintiff further alleges that, at all relevant times mentioned herein, Defendants had and have a policy or practice of failing to maintain accurate employment records and failing to provide accurate itemized wages statements to Plaintiff and other Aggrieved Employees. Plaintiff is informed and believes and thereon alleges that Defendants did not provide itemized and accurate wage statements to Plaintiff and other Aggrieved Employees because Defendants failed to pay all wages owed for time spent under the Amazon's control in unpaid mandatory orientation and onboarding activities that occurred prior to the first scheduled shifts, in violation of Labor Code § 226.

50. Plaintiff and other Aggrieved Employees were and are victims of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed them by California Labor Code §§ 201-203, 226, and 2698-2699, and the applicable IWC wage order(s).

51. Pursuant to Labor Code § 2699(c), an "aggrieved employee is any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

52. At all relevant times mentioned herein, Plaintiff was employed by Defendants and as detailed above, the violations alleged herein were committed against Plaintiff and other Aggrieved Employees during their employment. Plaintiff is an "aggrieved employee" as defined in Labor Code § 2699(c).

53. Labor Code § 2699, subdivisions (a) and (g), authorizes aggrieved employees such as Plaintiff, on behalf of Plaintiff and all other Aggrieved Employees working for Defendants during the statutory period (*i.e.,* beginning one year prior to Plaintiff's submission of his PAGA Notice to the LWDA), to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3.

54. On or around April 2, 2024, Plaintiff provided written notice online to the LWDA, pursuant to Labor Code § 2699.3 of Defendants' violations of various provisions of the Labor Code, as well as by certified mail, with return receipt requested, to Defendants, and each of them.

55. Pursuant to Labor Code § 2699.3, subdivision (a)(2)(A), the LWDA did not provide notice of its intention to investigate Defendants' violations within sixty-five (65) calendar days of the April 2, 2024 PAGA Notice. Accordingly, Plaintiff files this Complaint as specifically permitted by Labor Code §§ 2699.3(a)(2)(A) and 2699.3(c)(2)(A).

56. Pursuant to Labor Code § 2699(f), Plaintiff, as aggrieved employees on behalf of himself and other aggrieved current or former employees of Defendants in California pursuant to the procedures specified in Labor Code § 2699.3 seek recovery of all applicable civil penalties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on his own behalf and on the behalf of the members of the classes prays for judgment as follows:

1. For an order certifying the proposed classes;
2. For an order appointing Plaintiff as the representative of the classes;
3. For an order appointing Counsel for Plaintiff as class counsel;
4. Upon the First Cause of Action, for waiting time penalties pursuant to Labor Code §§ 201-203, and for costs and attorneys' fees;
5. Upon the Second Cause of Action, for penalties pursuant to Labor Code § 226, and for costs and attorneys' fees;

6. Upon the Third Cause of Action, for the full amount of civil penalties under the PAGA statute set forth in Labor Code §§ 2698-2699 for violations under PAGA of California Labor Code §§ 201-203, 226, and 2698-2699, and for costs and attorney's fees;

7. For reasonable attorneys' fees, expenses and costs as provided by California Labor Code § 201-203, 218.5, and 1194, and Code of Civil Procedure § 1021.5;

8. For all pre- and post-judgment interest; and

9. For such other and further relief the court may deem just and proper.

DATED: February 19, 2025

**MARLIN & SALTZMAN, LLP**
**LAW OFFICES OF PETER M. HART &**
**DIVERSITY LAW GROUP, P.C.**

By: _____
Cody R. Kennedy
Tatiana Avakian
Peter M. Hart
Ashlie E. Fox
Larry W. Lee
Kristen M. Agnew
Max W. Gavron
Kwanporn "Mai" Tulyathan
Attorneys for Plaintiff and the Class